CHRISTIAN CIRCUIT COURT
Civil Action No. 22-CI-_____
Division No. ___

JADE PRUITT                                                                PLAINTIFF

VS.

MARY JACKSON
24 Rolling Hills Drive
Cincinnati, Ohio 45215

      SERVE:    SECRETARY OF STATE
                        CAPITAL BUILDING
                        FRANKFORT, KY 40601

and

WERNER ENTERPRISES, INC.                                                   DEFENDANTS

      SERVE:    CORPORATE CREATIONS NETWORK, INC
                        101 NORTH SEVENTH STREET
                        LOUISVILLE, KY 40202

## COMPLAINT

### COUNT I

    Comes now the Plaintiff, JADE PRUITT, by and through her attorneys, and for her cause of action against the Defendants, MARY JACKSON AND WERNER ENTERPRISES, INC, states as follows:

1. That at all times herein mentioned JADE PRUITT was an actual and continuous resident of the Commonwealth of Kentucky.

2. That Defendant, MARY JACKSON, resides at 24 Rolling Hills Drive, Cincinnati, Ohio 45215; but because she was a user of the highways of the Commonwealth of Kentucky, and because she was operating a vehicle upon the highways of the Commonwealth of Kentucky, as hereinafter set out, she appointed the Secretary of State of the Commonwealth of Kentucky as her agent for service of process; and summons should be issued and served



*EXHIBIT A*

upon the Secretary of State of the Commonwealth of Kentucky for and on behalf of Defendant, MARY JACKSON.

3. That all acts and events complained of herein occurred within Christian County, Kentucky.

4. That on April 9, 2021, Plaintiff, JADE PRUITT, was operating her 2002 Toyota Camry North Bound on the Pennyrile Parkway, in Christian County, Kentucky.

5. That at the aforesaid time and place, Defendant, MARY JACKSON, was operating the 2021 International Truck Tractor and Semi-Trailer North Bound on the Pennyrile Parkway, in Christian County, Kentucky.

6. That as the Defendant, MARY JACKSON, drove North Bound on the Pennyrile Parkway, she failed to keep her tractor trailer rig within her lane of travel.

7. That at the aforesaid time and place, Defendant, MARY JACKSON, collided with the passenger side of JADE PRUITT'S vehicle and forced said vehicle toward the ditch in the median of the highway.

8. That the Defendant, MARY JACKSON, was negligent or grossly negligent in colliding with Plaintiff's vehicle.

9. That as a result of the aforementioned negligence of the Defendant, MARY JACKSON, plaintiff has incurred bodily injuries both temporary and permanent; has been forced to incur hospital, doctor, medical and drug expenses in excess of One Thousand Dollars ($1,000.00) and will be forced to incur same in the future; she has undergone physical and mental pain and suffering and will be forced to undergo same in the future; and her ability to labor and earn money has been permanently impaired; and she has been damaged thereby.

## COUNT II

10. That Plaintiff re-alleges and adopts each and every allegation contained in the previous counts of this Complaint as if fully set out herein, and further states as follows:

11. That the Defendant, WERNER ENTERPRISES, INC is a corporation organized and existing under the laws of the State of Nebraska and that its address is 14507 Frontier Road, Omaha, NE 68138, and that its process agent is Corporate Creations Network, Inc, 101 North Seventh Street, Louisville, Ky 40202

12. That on or about April 9, 2021, the defendant, MARY JACKSON, was operating a vehicle owned by Defendant, WERNER ENTERPRISES, INC.

13. That at the time and place aforesaid, MARY JACKSON, was operating the vehicle owned by Defendant, WERNER ENTERPRISES, INC, with the permission and at the direction of said Defendant.

15. That at the time and place aforesaid, Defendant, MARY JACKSON, was an employee of Defendant, WERNER ENTERPRISES, INC.

16. That Defendant, WERNER ENTERPRISES, INC, through the actions of Defendant, MARY JACKSON, subjected itself to the jurisdiction of the Commonwealth of Kentucky.

17. That Defendant, WERNER ENTERPRISES, INC, is vicariously liable for the acts of Defendant, MARY JACKSON.

18. That Defendant, WERNER ENTERPRISES, INC, was negligent or grossly negligent in its hiring, training, or management of Defendant, MARY JACKSON.

19. That as a result of the aforementioned negligence of Defendant, WERNER ENTERPRISES, INC, plaintiff has incurred bodily injuries both temporary and permanent; has been forced to incur hospital, doctor, medical and drug expenses in excess of One Thousand Dollars ($1,000.00) and will be forced to incur same in the future; she has undergone physical and mental pain and suffering and will be forced to undergo same in the future; and her ability to labor and earn money has been permanently impaired; and she has been damaged thereby.

WHEREFORE, Plaintiff, JADE PRUITT, demands judgment against the Defendants, MARY JACKSON and WERNER ENTERPRISES, INC, jointly and severally, in an amount in excess of the minimum jurisdictional limits of the Circuit Court, a trial by jury, her costs incurred herein, and any and all other relief to which she may appear entitled.

RESPECTFULLY SUBMITTED
OAKES LAW FIRM


/s/ David V. Oakes
DAVID V. OAKES
730 CLARK STREET
PADUCAH, KY. 42003
(270) 408-8888
ATTORNEYS FOR PLAINTIFF



This page was intentionally left blank

COMMONWEALTH OF KENTUCKY
CHRISTIAN CIRCUIT COURT
Civil Action No. 22-CI-_____
DIVISION _____

JADE PRUITT                                                                                        PLAINTIFF

VS.

MARY JACKSON

and

WERNER ENTERPRISES, INC.                                                              DEFENDANTS

### PLAINTIFF'S INTERROGATORIES TO WERNER ENTERPRISES, INC.

      Comes now the Plaintiff, JADE PRUITT, by and through counsel, pursuant to Rules 33 and 34 of the Rules of Civil Procedure, propounds the following Interrogatories and Requests For Production to be answered within 45 days after service.

1. State the names, addresses and official titles of the persons who are making and filing these defendant's answers to these interrogatories.

2. Have you sought information from all of this defendant's attorneys, investigators employed by or on behalf of this defendant insurers and agents or representatives and all persons reasonably likely to know the matters inquired about herein before answering these interrogatories? (Thompson v. Mills, Ky. 432 S.W.2d 488).

3. Please state every name, alias, residence address, mailing address, phone number, and phone service provider used by the defendant's driver who was involved in the subject collision.

4. Please state whether this defendant, or any of its representatives, have knowledge of any statements made by the parties, witnesses or potential witnesses relevant to the issues in this case. If so, please attach a copy of each to your answers to these Interrogatories, or if you object to providing same, state the substance of the facts and opinions stated by each such witness.

5. Please identify those persons having responsibility for the following matters as they relate to the defendant driver in this case:

    a) Hiring of the defendant driver, including investigation of background information;

    b) Training of the defendant driver during her employment by the defendant company;

    c) Supervision and discipline of defendant driver (including the identity of persons responsible for dispatching the defendant driver on trips; those persons responsible for performing log



audits; and those persons responsible for reviewing the defendant driver's performance and driving record);

d) Termination of defendant driver.

6. Please identify those persons with authority to establish company policy on the following matters while the defendant driver was employed by or working in the service of the defendant company.

   a) standards and qualifications relating to the hiring of truck drivers;

   b) standards and qualifications relating to the training of truck drivers;

   c) supervision and discipline of truck drivers;

   d) standards and rules for termination of truck drivers.

7. Please identify each device, system and company which is in the possession of, or is used by, the defendant company to assist it in the following areas:

   a) investigation of drivers;

   b) dispatching loads or drivers;

   c) providing services to drivers on the road, e.g. payment systems for fuel and other goods and services;

   d) communicating with drivers;

   e) facilitating the collection or analysis of logbook information and shipping documents;

   f) monitoring the movements and activities of drivers.

8. With reference to all writings, recordings, and photographs concerning the matters inquired about in the preceding interrogatories, please state:

   a) the name, address, employment and telephone number of each person responsible for creating the information or data contained in each writing, recording, or photograph;

   b) the specific writings, recordings, and photographs for which each such person was responsible in whole, or in part;

   c) the name, address, employment and telephone number of all persons who have originals or copies thereof.

9. Other than the collision involving Mary Jackson and Jade Pruitt, had the defendant truck driver ever been involved in any other motor vehicle accident, crash, or collision? If so, please state the names of the drivers involved; the date and location of the incident; and how the incident occurred.

10. Please describe fully and completely how and why the collision that gave rise to this lawsuit happened, stating in your answer all events relating thereto in their sequential order.

11. Please state all facts on which you rely as tending to show any negligence or lack of care of any kind on the part of anyone in connection with the collision which is the subject matter of this case.

12. If, at the time of the collision, a policy or policies of insurance (including liability, excess, umbrella, or any other) covered this Defendant, please state the name and address of the insurer and the limits of liability.

13. State the names and addresses of all persons not previously identified who may have knowledge of relevant facts regarding plaintiff's claims and your defenses, and state the substance of the facts which you believe them to possess.

14. Were any photographs made of the vehicles or premises involved in this case? If so, you are requested to attach color copies of same to your answers to these interrogatories.

15. Has this Defendant or anyone on behalf of this Defendant made any drawing or taken any photographs or motion pictures, home movies, dealing with the collision?

16. If the answer to the immediately preceding interrogatory is "yes", then for each such drawing, photograph, motion picture or home movie, etc., please state the date and place that such photograph, motion picture, drawing or home movie was taken, what same depicts, and provide copies with your answers.

17. State the name and address of the owner(s) of the vehicle operated by defendant in the subject collision as shown on the Certificate of Registration and Title as of the date of the subject collision along with a description of said vehicle, including registration and identification numbers.

18. Please identity each person whom the defendant expects to call as a witness at the trial of this action.

19. If any such witness identified in interrogatory number 18 above is an expert witness, please state the subject matter on which the expert is expected to testify, the substance of the facts and opinions on which the expert is expected to testify and a summary of the grounds for any such opinion.

20. Please identify any exhibits which the defendant expects to introduce at the trial of this action.



SEP 17 2022

RESPECTFULLY SUBMITTED
OAKES LAW FIRM

/s/ David V. Oakes
DAVID V. OAKES
730 CLARK STREET
PADUCAH, KY  42003
(270) 408-8888
ATTORNEY FOR PLAINTIFF

Certificate of Service

I certify that the following was served by filing with the efiling service of the Kentucky Court of Justice and is to be served with the summons and the complaint on this 14th day of September, 2022.

/s/ David V. Oakes