UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**JADE PRUITT**                                                                                     **PLAINTIFF**

**v.**                                                                                     **No. 5:22-cv-139-BJB**

**MARY JACKSON, ET AL.**                                                         **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

      Jade Pruitt alleges that a truck driven by Mary Jackson for Werner Enterprises drifted into her lane, crashed into her car, and injured her. She sued Jackson for negligence, Werner vicariously for Jackson's alleged negligence, and Werner directly for negligently hiring, training, and supervising its driver and maintaining its truck. But the direct claims against Werner are entirely speculative. She posits the truck's lane-departure warning system must've either failed or been ignored. Yet her pleadings make no attempt to connect that system (or any other fact about the wreck) to any negligent acts by Werner. So the Court grants Werner's motion to dismiss Pruitt's negligent hiring, training, and supervision claims. (Werner didn't ask to dismiss the negligent-maintenance claim added in the amended complaint, so this order doesn't address that claim.) And the Court grants Werner's motion to strike evidentiary documents improperly attached to Pruitt's response to Werner's motion.

    **I.**    **Factual Allegations**

      According to the allegations, which the Court must accept as true at this stage of the case, Jade Pruitt and Mary Jackson were both driving north on the Pennyrile Parkway in Christian County, Kentucky. Amended Complaint (DN 7) at ¶¶ 4–5, 13–14. Jackson allowed her truck to drift into Pruitt's lane, forcing Pruitt's car into the ditch and injuring Pruitt (in what way, the Complaint doesn't specify). ¶¶ 6–9.

      According to Werner's website, its truck should've featured a lane-departure warning system, and that system should've warned Jackson that she was drifting into Pruitt's lane. ¶ 18. But for one reason or another, Jackson drifted anyway.

## II.     This Litigation

Pruitt sued Jackson and Werner in state court, claiming that Jackson was negligent and Werner liable for that negligence via *respondeat superior*. DN 1-1 at ¶¶ 8, 17. Pruitt also made direct claims against Werner, alleging that her injuries resulted from Werner's negligent "hiring, training, or management of" Jackson. ¶ 18.

After removing the suit to federal court, Werner moved under Rule 12(b)(6) to dismiss Pruitt's direct claims against it. DN 5. Pruitt responded by filing (as of right, *see* FED. R. CIV. P. 15(a)(1)) an amended complaint bolstering the factual allegations as described above and adding a claim for negligent "maintenance of the vehicle driven by [Jackson]" as an alternative theory of recovery. DN 7 at ¶¶ 17–24. Pruitt also filed a response to the original motion to dismiss—and attached to that motion a police crash report, a Google Earth map, and a Werner brochure. DN 8. Werner contends Pruitt has still failed to plausibly state claims for negligent hiring, training, and supervision and renews its motion for partial dismissal—now trained against the amended complaint. DN 11. Werner also moves to strike the crash report, map, and Werner brochure Pruitt attached to her filings. DN 10.

## III.    Pruitt Fails to State Plausible Claims Against Werner for Negligent Hiring, Training, or Supervision

Under Rule 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiffs," *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007), "accept all well-pled factual allegations as true," *id.*, and determine whether the "complaint … states a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A plaintiff must "plea[d] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Pleading facts "merely consistent with a defendant's liability" or facts that don't "permit the court to infer more than the mere possibility of misconduct" doesn't suffice. *Id.* at 679 (internal quotation marks omitted).

The negligent hiring, training, and supervision claims against Werner rest on the allegation that every truck in its fleet is equipped with a lane-departure warning system. DN 7 at ¶ 18. Werner's system purports to "aler[t] drivers with audio and visual cues when the vehicle crosses a lane divider without using a turn signal, whether action is taken intentionally or due to drift." *Id.* This, coupled with the fact of the accident itself, convinced Pruitt that this accident must've occurred because either 1) Jackson ignored a lane-departure warning or 2) the warning system

2

malfunctioned. ¶ 22. Ignoring a warning, Pruitt reckons, could've been the result of inadequate training. ¶ 23. And a system malfunction could've been the result of Werner negligently maintaining the system. ¶ 24.

This chain of inferences, however, identifies only possibilities, not probabilities. It doesn't include any allegation that Werner actually did anything wrong. Its only two factual allegations concern the mere existence of the lane-departure warning system and Jackson's drift from her lane. These facts alone do not "permit the court to infer" in a plausible—as opposed to speculative—manner that Werner negligently hired, trained, or supervised Jackson. *Iqbal*, 556 U.S. at 679. The amended complaint is silent regarding Jackson's hiring, training, and supervision—saying nothing about her screening process, instruction, or driving history. Indeed, it is silent regarding *any* action on Werner's part—aside from the presumably non-negligent act of adding a safety-warning system to its trucks. Pruitt's amended complaint resembles a game of Clue before the first player's turn: the warning system, the driver, the training regimen, the HR department, or the maintenance department all could be the culprit. All we can do is guess. The problem isn't that she pled alternate theories of causation and liability—it's that each theory rests entirely on conjecture and unpled facts.

Such allegations don't permit a court "to infer anything more than the mere possibility of misconduct" and have "not 'show[n]'… 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). That Jackson's ignorance of a lane-departure warning *could* have been caused by inadequate training, or that the Werner *might* not have paid close enough attention in the hiring process, DN 7 at ¶¶ 23, does nothing "more than create a speculation of a legally cognizable cause of action," *Uribe v. Ramser*, No. 3:22-cv-637, 2023 WL 3175440, at *4 (W.D. Ky. May 1, 2023) (quotations and citation omitted). And pure speculation cannot state a factually plausible claim: "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Multiple decisions from this district make clear that allegations of negligent acts by an employee can't by themselves support negligent hiring, training, or supervision claims against the employer. *See, e.g., Ingram v. Oasis Investments, LLC.*, No. 5:16-cv-206, 2017 WL 6508362, at *2, 6 (W.D. Ky. Dec. 19, 2017) (claims failed to "connect the dots between this alleged negligence" by the employee and "any negligent hiring, training, supervision, or retention of [the employee]" by the company); *see also Cambron v. RK Shows, Inc.*, No. 3:14-cv-368, 2014 WL 3419128,

3

at *5 (W.D. Ky. July 14, 2014) (plaintiff alleged no facts suggesting that employer should have known its employee was unfit for the job).  Pruitt's claims fare no better.

### IV.     Motion to Strike

Finally, the Court grants Werner's motion to strike.  First, the motion is unopposed.  Second, at a telephonic hearing, the parties agreed that the documents Pruitt attached—a Werner brochure, an image of the crash scene from Google Earth, and the crash report—are not "central to [her] claim," *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002), and she did not "su[e] primarily on the basis of [the] document[s]," *Berg v. Empire Blue Cross & Blue Shield*, 105 F. Supp. 2d 121, 126 (E.D.N.Y. 2000).  They amount to evidence of claims (inappropriate at the pleading stage) rather than the source of the claims themselves (which may be appropriately attached to pleadings).  Third, Pruitt acknowledged that the documents would have no impact on the pending motion to dismiss.  *See* DN 14.  So striking the documents is appropriate and ultimately immaterial to the dismissal.

### ORDER

The Court grants Werner's motion to strike, DN 10, and grants Werner's motion for partial dismissal of the negligent hiring, training, and supervision claims against Werner without prejudice, DN 11.

Benjamin Beaton, District Judge
United States District Court

August 23, 2023